JS-6 / REMAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIM UNITED, LLC, | Case No. CV 16-3225 DMG (SSx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING** |
| HELEN FUNG, et al., | **IMPROPERLY-REMOVED ACTION** |
| Defendants. | |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On May 11, 2016, Defendant Helen Fung, having been sued in what appears to be a routine unlawful detainer action in California state court, filed a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. (Dkt. Nos. 1, 2). On May 19, 2016, Plaintiff filed an ex parte application to remand this action to state court and requested that the Court take judicial notice of several documents in support of that application. (Dkt. Nos. 7, 8).

1   The Court has denied Plaintiff's application to proceed <u>in forma pauperis</u> under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), <u>see</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546, 563 (2005). Defendant's Notice Of Removal asserts that she seeks removal because "Long Beach Court Judge was negligence Plaintiff's violation of California Foreclosure Law, made wrongful jud[g]ment to allow Plaintiff illegally foreclosure sold/bought Defendant's home, extremely harming Defendant and her children." (Notice of Removal at 1). These allegations are inadequate to confer either diversity or federal-question jurisdiction.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

1    Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, George Deukmejian Courthouse, 275 Magnolia Ave., Long Beach, CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.  It is FURTHER ORDERED that Plaintiff's ex parte application and request for judicial notice are DENIED as moot.

IT IS SO ORDERED.

DATED: May 24, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE